**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M. M. CARDONA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WARDEN,<br><br>　　　　　Respondent. | No. CV 11-551 SVW (CW)<br><br>ORDER DISMISSING PETITION<br>AS SUCCESSIVE |

　　The pro se Petitioner is a prisoner in state custody pursuant to a conviction in California Superior Court, Ventura County, CR 16929.[1] The present petition for writ of habeas corpus, filed January 19, 2011, challenges the conviction in that case. Petitioner has brought seven previous habeas petitions in this court challenging the same conviction: Cardona v. Warden, CV 10-8970-GHK (CW); Cardona v. Central District of California, No. CV 10-3339 SVW (CW); Cardona v. Gomez, No.

---

[1] As noted in the record in Petitioner's prior habeas actions, Petitioner Melecio M. Cardona (# C-49665) was originally convicted in 1982 in California Superior Court, Ventura County, Case No. CR 16929. In 1984, the California Court of Appeal reversed and remanded. On remand, petitioner pled nolo contendere to reduced charges and was sentenced to seventeen years to life in state prison.

CV 97-579-WDK(CW); Cardona v. Unnamed Respondent, No. CV 07-5092-SVW (CW); Cardona v. Walker, No. EDCV 07-7070-SVW (CW); Cardona v. Walker, No. CV 08-7307-SVW (CW); and Cardon v. Walker, No. CV 09-1946-SVW (CW). Case No. CV 97-579 was denied and dismissed with prejudice in a judgment entered on April 1, 2003. The other six prior petitions have all been dismissed as successive.

## DISCUSSION

A new habeas petition under 28 U.S.C. § 2254, which challenges the same state court judgment addressed in one or more prior § 2254 petitions, is a second or successive petition. A federal district court may not consider a second or successive petition unless the petitioner has first obtained an order from the proper federal circuit court of appeals authorizing the district court to review the new petition. See 28 U.S.C. § 2244(b)(3)(A). The court of appeals may only authorize review of a second or successive petition in the district court if the petitioner "makes a prima facie showing [to the court of appeals] that the application satisfies the requirements of" 28 U.S.C. § 2244(b). See 28 U.S.C. § 2244(b)(3)(C); Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

The present petition is a second or successive petition under § 2244(b)(3)(A) because it challenges the same state court judgment challenged in a prior federal petition, and that prior petition was dismissed with prejudice.[2] This court may not review a successive petition unless the petitioner has first obtained the required order

---

[2] A new petition is not subject to dismissal under § 2244(b)(3)(A) based on a prior petition which was dismissed without prejudice, e.g., for failure to exhaust state remedies. In re Turner, 101 F.3d 1323, 1323 (9th Cir. 1997). Here, the present petition is successive based on No. CV 05-4053 which was dismissed with prejudice.

from the United States Court of Appeals for the Ninth Circuit.  There is no indication in the record that this petitioner has obtained such an order.  Therefore, the present petition is subject to dismissal without prejudice.  Petitioner may file a new petition in this court if and only if he first obtains authorization from the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

**ORDERS:**

    1.   It is **ORDERED** that judgment be entered dismissing the petition as successive.

    2.   The clerk shall serve copies of this order and the judgment herein on the petitioner.

DATED:   02/02/11

    STEPHEN V. WILSON
United States District Judge

Presented by:

Dated: January 20, 2011

CARLA M. WOEHRLE
United States Magistrate Judge

3